**498**

Kenneth BEDNARIK, Plaintiff,

v.

UNITED STEELWORKERS OF AMERICA, Jones & Laughlin Steel, Defendants.

No. C80–596–Y.

United States District Court,
N.D. Ohio, E.D.

Nov. 14, 1985.

Michael P. Marando, Youngstown, Ohio, for plaintiff.

Rudolph L. Milasich, Jr., Pittsburgh, Pa., Daniel P. Thomas, DelBene, LaPolla & Thomas, Warren, Ohio, Thomas A. Downie, Jones, Day, Cleveland, Ohio, Roger Matthews, Pittsburgh, Pa., of counsel, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

### INTRODUCTION

This case is now before the Court on the Motion for Summary Judgment filed by defendant Jones & Laughlin Steel Corporation (the "Company") and the Renewed Motion for Summary Judgment of defendant United Steelworkers of America (The "Union").

This action was originally instituted when plaintiff, a class 16 millwright, filed a suit against Youngstown Sheet and Tube[1] pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("Section 301") for having selected instead of plaintiff a slightly more senior class 12 millwright for a position posted as a class 16 job. Plaintiff also claims that the Union breached its duty of fair representation when it refused to arbitrate his grievance.

The events giving rise to the complaint took place, for the most part, at the Company's Campbell Works Coke Plant, where plaintiff was employed from November 10, 1956 until the Spring of 1982. Plaintiff became a class 16 millwright in August, 1960.

On January 30, 1978, the Company posted a Notice of Vacancy. The posting, which announced that bids were being accepted for several vacant positions, was limited on its face to class 16 millwrights. (Complaint ¶ 5, Exhibit A.) Plaintiff and a number of other employees submitted bids for the eight posted openings (Complaint ¶ 6, Exhibit B). The Company awarded the positions to the most senior bidders. None was less senior than plaintiff; however, the least senior bidder to be awarded a position was only a class 12 millwright.

In response to the Company's selection of the class 12 millwright, plaintiff initiated Grievance C–34–78. The Union, after a two-year delay, withdrew plaintiff's grievance from arbitration on the basis that past Union practice and policy dictated that the Union support seniority over skill level. Plaintiff then initiated this Section 301 action against the Company and the Union.

On January 24, 1984, this Court denied the Union's initial motion for summary judgment, holding that there existed a number of questions of fact bearing on the Union's duty to plaintiff which could not be disposed of on summary judgment. Among the material facts found to be at issue in this case were the relative equality or inequality in skill of class 12 and class 16 millwrights, and whether or not the January 30, 1978 posting specifically advertising for class 16 millwrights was a clerical error.

The Company has now moved for summary judgment as to plaintiff's claim against it. It argues that, as a matter of law, the collective bargaining agreement between the Company and the Union creates no rights in plaintiff that can be asserted against the Company in a Section 301 lawsuit. Specifically, the Company contends that the agreement's "modified seniority clause" vests no rights in a junior employee to claim that his greater skill entitled him to a given position. Moreover,

---

1. The Company is the successor in interest of Youngstown Sheet and Tube. For convenience, both will be referred to as "the Company" in this opinion.

the Company asserts that the agreement's posting provision gives plaintiff only the right to bid for the advertised position, as he did, and does not oblige the Company to comply with the terms set forth in its posting when making its selection.

In tandem with the Company's Motion for Summary Judgment, the Union has renewed its own Motion for Summary Judgment. The Union now argues that plaintiff cannot prevail in a fair representation suit against the Union because he has no meritorious claim against the Company.

On a Motion for Summary Judgment, the burden rests with the movant to show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Rule 56(c). Federal Rules of Civil Procedure. *See also Granger v. Marek*, 583 F.2d 781, 785 (6th Cir.1978); *Fitzke v. Shappell*, 468 F.2d 1072, 1077 (6th Cir.1972). Defendants have failed to carry this burden. Therefore, their motions for summary judgment must be denied.

## I. The "Modified Seniority Clause"

Defendants argue that the "modified seniority clause" of the collective bargaining agreement, while it vests rights in senior employees and the Company, gives junior employees no right to assert an entitlement to a position based on their superior skill. That is, according to defendants, the clause gives the Company the right to choose either the most senior or the most skillful employee at its option. Plaintiff argues, on the other hand, that the clause requires the Company to give the position to the most skillful employee; only when two employees are equally skilled may seniority be the deciding factor.

The "modified seniority clause" at issue here provides in pertinent part:

... [I]t is understood and agreed that in all cases of:

(a) promotion or demotion the following factors as listed below shall be considered; however, *only where factors B and C are relatively equal shall plant continuous service be the determining factor:*

A. Plant continuous service.

B. Ability to perform the work.

C. Physical fitness.

(Emphasis added)

■ On its face this clause does not allow the Company to choose either the most senior or the most skillful employee as it sees fit. On the contrary, it states unambiguously that *only* when two employees are "relatively equal" in ability and physical fitness shall seniority be the deciding factor. Thus, under this clause of the collective bargaining agreement, a junior employee who is more able than his senior is entitled to the position for which they are competing.

*Smith v. Hussman*, 619 F.2d 1229 (8th Cir.1980), a case heavily relied upon by the Company, does not mandate a contrary interpretation of this clause. The "modified seniority clause" at issue in that case differed rather significantly from the one at issue here, it read in relevant part:

Seniority, skill and ability to perform the work required shall be considered by the Company in making promotions, transfers, layoffs and callbacks. Where skill and ability to perform are substantially equal, seniority shall govern.

*Smith v. Hussman*, 619 F.2d at 1233, n. 4. Neither this clause nor any modified seniority clause in any case cited by defendants contains the limiting language of the clause included by defendants in their collective bargaining agreement: *"only* where factors B and C are relatively equal shall plant continuous service be the determining factor." The ambiguities of clauses simply providing that seniority shall govern in a specific situation, with no indication as to which factors shall govern in other situations, are not present here. This "modified seniority clause" unequivocally limits the decisive power of seniority to those situations in which ability and physical fitness are relatively equal. Then, and only then,

may the company award a position on the basis of seniority.

■■■ When a case turns on the interpretation of a collective bargaining agreement, it may be appropriate to look beyond even the plainest contractual language to determine the intent of the parties. *See, e.g., International Association of Machinists and Aerospace Workers, Lodge No. 1194 v. Garwood Industries*, 368 F.Supp. 357, 363 (N.D.Ohio 1973) (any language in a collective bargaining agreement must be read in the context of the custom and usage developed over years of modifying and perfecting a particular agreement.) However, no evidence which goes to the intent of the parties to this particular agreement has yet been introduced. Moreover, when a question of contract interpretation depends for its resolution upon evidence of the intent of the parties, which may require the finder of fact to evaluate the credibility of witnesses, summary judgment is inappropriate. *See* 10A Wright, Miller & Kane § 2730.1 (2d ed., 1983).

## II. The Posting Provision

■■■ Plaintiff argues that even if he has no right to the position under the modified seniority clause, the posting provision[2] of the collective bargaining agreement, which requires the Company to meet certain procedural requirements when it opens a position for bidding, also requires the Company to comply with the terms of the posting when it awards the job. The Company, on the other hand, argues that the posting itself was not deficient on its face, and that the posting requirement does not vest contractual rights in qualified but unsuccessful bidders when a job is awarded to an employee who does not fulfill the terms stated in the posting.

Clearly a posting provision would be meaningless if the Company were held to have complied with its requirements whenever it posted the proper form with all the blanks filled in, however tenuous the relationship between the information given in the posting and reality. The collective bargaining agreement, however, does not clearly and unambiguously indicate the degree of accuracy required of the Company or the extent to which the Company shall be bound by the statements contained in the posting. That the parties meant to give the Company some leeway might be inferred from the fact that the provision permits the Company to estimate the number of employees needed, while the amount of detail required by the provision suggests that the provision mandates the most complete and accurate form of notice possible to potential bidders. Again, this provision of the collective bargaining agreement must be interpreted in light of past practice and the intent of the parties. A summary judgment as to this issue would thus be inappropriate.

## III. The Union's Motion

Plaintiff's claims against the Company may prove to be meritorious. Therefore, the Union's argument that plaintiff cannot prevail against it on his fair representation claim because he has no meritorious claim against the Company must be rejected at this time.

## CONCLUSION

The outstanding issues outlined in this Court's order of January 24, 1984 have not yet been resolved, nor have defendants met

---

**2.** The posting provision of the collective bargaining agreement, Article VII Section 12, provides in relevant part:

A permanent vacancy on an entry level job in department wide competition shall be posted on a plant-wide basis in accordance with administrative rules presently in effect or as may be changed by agreement between Plant Management and the Grievance Committee, as to location of posting, duration of posting, method of bidding, period for selection, notice of selection, and method or procedure for contesting a selection. Such rules shall require that (i) the notice of vacancy shall state the department, *job title, job class,* estimated number of employees needed, date of posting, and the time and location where bids can be filed for the vacancy involved, (ii) the bids shall be in writing, and (iii) the subsequent notice of the prevailing bidder shall indicate their [sic] plant continuous service dates. Emphasis added.

their burden of showing that these issues are immaterial, and that they are entitled to prevail as a matter of law. Therefore, defendant Company's Motion for Summary Judgment and defendant Union's Renewed Motion for Summary Judgment are hereby denied.

IT IS SO ORDERED.